IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

FRED L. BADGER,

    Plaintiff,

v.                                          Case No. 2:19-cv-00623

SUPERINTENDENT ROBERTS, *et al.*,

    Defendants.

---

FRED L. BADGER,

    Plaintiff,

v.                                          Case No. 2:19-cv-00653

SUPERINTENDENT ROBERTS, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

These consolidated matters are assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and they are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Case No. 2:19-cv-00653 was designated as the lead case, with all further docketing occurring therein. Pending before the court is a Motion to Dismiss filed by Superintendent Craig Roberts ("Roberts") (ECF No. 10). The remaining defendants have not been served with process, as Plaintiff did not properly identify the companies or individuals involved.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2019, the undersigned consolidated two complaints filed by Plaintiff, both of which assert claims of religious discrimination through denying Plaintiff a special religious diet and religious materials while he was incarcerated at the South Central Regional Jail ("SCRJ"). (*See* Case Nos. 2:19-cv-00623 and 2:19-cv-00653, with Case No. 2:19-cv-00653 designated as the lead case). Both complaints allege that Plaintiff, a Hebrew Israelite/Jewish inmate who was being housed at the SCRJ as a federal pre-trial detainee, was denied kosher meals, religious materials, and a place to worship. Plaintiff sought injunctive relief in the form of being provided kosher meals and the ability to practice his religion in various ways, as well as monetary compensation. He named Roberts, the Superintendent of the SCRJ, along with "Food Services" and the "Chapel Religious Department," as Defendants.

On November 23, 2020, Roberts filed the instant Motion to Dismiss (ECF No. 10) and Memorandum of Law in support thereof (ECF No. 11) asserting that the complaints do not make any specific or direct allegations concerning conduct by Roberts in order to render him liable in his individual capacity and that, otherwise, his allegations appear to be brought against Roberts in his official capacity as Superintendent, which would be barred by the Eleventh Amendment of the United States Constitution. Roberts' motion also contends that Plaintiff failed to exhaust available administrative remedies prior to filing his complaints.

On December 7, 2020, mail sent to Plaintiff at the SCRJ was returned as undeliverable with no new address available. It appears that Plaintiff was transferred into the custody of the Federal Bureau of Prisons ("BOP") and was subsequently released from such custody, and he has not provided the court with any updated contact information.

## **ANALYSIS**

These matters should be dismissed from the court's docket for several reasons. First, to the extent that Plaintiff named Roberts in his official capacity "as the Warden [sic; Superintendent] of SCRJ" (*see* Case No. 2:19-cv-00653, ECF No. 2 at 4), he is not a "person" who can be sued under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (a State, including its agencies and its officials acting in their official capacities are not "persons" under § 1983). Furthermore, state officials are immune from suit in federal court under the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI.[1]

It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984). A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id*. at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

Plaintiff's complaints do not raise any claims under a statute or other legal provision in which Congress has clearly and unequivocally abrogated the State's Eleventh

---

[1] The Eleventh Amendment has also been held to bar suits against a state, or its officials, by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974).

Amendment immunity, and Plaintiff fails to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity. Accordingly, Roberts, in his official capacity, is entitled to absolute immunity.

Additionally, the complaints do not contain any allegations that Roberts was personally involved in the alleged denial of Plaintiff's rights. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaints fail to state a plausible claim for relief against Roberts and his Motion to Dismiss should be granted on that basis.[2]

Additionally, Plaintiff's claims for declaratory and injunctive relief became moot when he was transferred out of the SCRJ. The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Reg'l Jail Auth.*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182,

---

[2] For the additional reasons stated herein, the undersigned finds it unnecessary to address Roberts' argument concerning the failure to exhaust administrative remedies.

4

186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims for declaratory and injunctive relief made in both complaints must be denied as moot.

Finally, because Plaintiff was transferred from the SCRJ and failed to notify the court of any updated contact information, and then again failed to provide the court with any updated contact information when he was released from BOP custody, his current whereabouts are unknown. Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for a plaintiff's failure to prosecute or to comply with the court's rules or orders and, unless otherwise ordered, such dismissal is considered to be on the merits. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976).

In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Plaintiff

5

was previously advised of his obligation to notify the court and any opposing parties of a change in his contact information and that the failure to do so may result in the recommended dismissal of these matters under Rule 41(b). (*See* ECF No. 4 in both civil actions). The court is unable to move this matter forward and the responsibility for the delay in the progress of this matter falls on Plaintiff. Accordingly, dismissal of both civil actions under Rule 41(b) appears to be the only appropriate sanction.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Superintendent Roberts' Motion to Dismiss (ECF No. 10) and otherwise **DISMISS** Case Nos. 2:19-cv-00623 and 2:19-cv-00653 for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing parties and Chief Judge Johnston.

    The Clerk is directed to file this Proposed Findings and Recommendation, to transmit a copy to counsel of record, and to mail a copy to Plaintiff at his last provided address.

July 19, 2021

Dwane L. Tinsley
United States Magistrate Judge